IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


J.T. RIORDAN,

        Plaintiff,

v.                                                           No. CV 09-1033 BB/WPL

LINCOLN COUNTY DETENTION
CENTER,
STATE OF NEW MEXICO,
COUNTY OF LINCOLN,
CORNELL COMPANIES INC.,
EMERALD CORRECTIONAL
MANAGEMENT INC.,

        Defendants.


MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's amended civil rights complaint (the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was denied the right to a speedy or fair trial in state court criminal prosecutions, and his attorney provided ineffective assistance.  While Plaintiff was in custody, detention staff failed to prevent attacks on him by other inmates and denied him necessary treatment for serious medical conditions.  Plaintiff contends that these actions violated a number of his constitutional rights.  For relief he seeks damages and dismissal of the criminal charges against him.  Alternatively, he asks to be released from custody during the remainder of the criminal proceedings and, if convicted, to be transferred out of New Mexico.

Plaintiff's § 1983 complaint does not provide a basis for dismissal of state criminal charges or stay of proceedings.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  Petitioner's complaint states such a claim. Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  Under the rule stated in *Nelson*, the Court may not adjudicate Plaintiff's claim for dismissal of charges in a § 1983 action.

Furthermore, Plaintiff's request for a stay of criminal proceedings, or release pending trial, is precluded by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977). By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." And as the Supreme Court has stated, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973). "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co.*, 433 U.S. at 630. Plaintiff's claim invokes none of the statutory exceptions and is therefore barred.

Plaintiff's allegations of Eighth Amendment violations while he was in custody do not support claims against named Defendants Lincoln County Detention Center or State of New Mexico. "Dismissal against [a county jail] was also required because a detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000)   And "[t]he Eleventh Amendment bars suits in federal court against states. . . . [T]he Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983." *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v.*

3

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). "Thus, the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies and applies ' "whether the relief sought is legal or equitable." ' " *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (internal citations omitted). The Court will dismiss Plaintiff's claims against Defendants Lincoln County Detention Center and State of New Mexico.

IT IS THEREFORE ORDERED that Plaintiff's claims for relief in his state criminal proceedings are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Lincoln County Detention Center and State of New Mexico are DISMISSED with prejudice, and Defendants Lincoln County Detention Center and State of New Mexico are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with copies of the complaint (Doc. 6) and this Order, for Defendants County of Lincoln, Cornell Companies Inc., and Emerald Correctional Management Inc. on Plaintiff's claims of unconstitutional conditions of confinement.

_____
UNITED STATES DISTRICT JUDGE